UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WADNISHA REESE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER** |
| | **SECTION** |
| **MICHELLE RUFFIN, individually and in her official capacity as an Officer for the Jefferson Parish Sheriff Office, JOSEPH P. LOPINTO, III, individually and in his official capacity as Sheriff of Jefferson Parish, PATRICK BLANCHARD, individually and in his official capacity as an Officer of the Jefferson Parish Sheriff Office, HIEP NGUYEN, individually and in his official capacity as an Officer of the Jefferson Parish Sheriff Office, TASHA RIOS, individually and in her official capacity as a Lieutenant of the Jefferson Parish Sheriff Office, NATASHA LEFLORE, individually and in her official capacity as an officer of the Jefferson Parish Sheriff Office, JOHANNA ADAMS, individually and in her official capacity as a Sergeant of the Jefferson Parish Sheriff Office, JONATHAN BENTEL, individually and in his official capacity as a Deputy of the Jefferson Parish Sheriff Office, LATOYA RABB, individually and in her official capacity as a Deputy of the Jefferson Parish Sheriff Office, CONNER THAMES, individually and in his official capacity as a Deputy of the Jefferson Parish Sheriff Office, and VARIOUS UNKNOWN OFFICERS OF JEFFERSON PARISH SHERIFF'S OFFICE** | **JUDGE** |
| | **JURY TRIAL REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

I.  **JURISDICTION AND VENUE**

1. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, including compensatory damages, punitive damages, costs and attorney's fees

1

pursuant to 42 U.S.C. § 1998, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff, by constitutional and statutory provisions.

2. The court has federal question jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, 1343(a)(3). Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy. The court accordingly has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this court because the causes of action occurred within the Eastern District of Louisiana and all Defendants worked and/or resides within the district.

## II.     PARTIES

a. PLAINTIFF

4. Plaintiff, WADNISHA REESE, a person of the full age of majority, and a resident of Metairie, Louisiana.

b. DEFENDANTS

5. Defendant, MICHELLE RUFFIN, individually and in her official capacity as officer for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

6. Defendant, JOSEPH P. LOPINTO, III, in his official capacity as the sheriff for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident and domiciled in Jefferson Parish, State of Louisiana, and all material times herein acting in his capacity as Sheriff in the scope of his employment with the Jefferson Parish Sheriff Office. He was responsible for the policies, practices, customs, procedures and deliberate indifference of the Jefferson Parish Sheriff Office, as well as the hiring, training, supervision, discipline and control of police personnel under his command which includes the Jefferson Parish Sheriff Office

defendants named and referenced herein; He was and is a final policymaker, and at all pertinent times was acting under color of law. He is liable both directly and vicariously for the actions complained of herein.

7. Defendant, PATRICK BLANCHARD, individually and in his official capacity as an officer for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

8. Defendant, HIEP NGUYEN, individually and in his official capacity as an officer for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

9. Defendant, TASHA RIOS, a person of full age of majority and a resident of Jefferson Parish, Louisiana, is sued in her individual and official capacity. Rios is a Lieutenant of the Jefferson Parish Sheriff Office.

10. Defendant, NATASHA LEFLORE, individually and in her official capacity as an officer for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

11. Defendant, JOHANNA ADAMS, a person of full age of majority and a resident of Jefferson Parish, Louisiana, is sued in her individual and official capacity. Adams is a Sergeant of the Jefferson Parish Sheriff Office.

12. Defendant, JONATHAN BENTEL, individually and in his official capacity as an officer for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

13. Defendant, LATOYA RABB, individually and in her official capacity as a

deputy for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

14. Defendant, CONNER THAMES, individually and in his official capacity as a deputy for the Jefferson Parish Sheriff Office, a person of the full age of majority and a resident of the Jefferson Parish, State of Louisiana.

15. Ms. Reese also pursues this action against various unknown Jefferson Parish Sheriff Officers, who at all relevant times and along with the above named officers, are jointly and severally liable and will be named at a later time once their identities are uncovered during the course of discovery.

### III.   STATEMENT OF FACTS

16. On or about January 20, 2021, at approximately 2:50 a.m., Wadnisha Reese (hereinafter referred to as "Ms. Reese") was escorted to Jefferson Parish Correctional Center into Intake Booking by patrol deputies Conner Thames and Latoya Rabb after being arrested at the Oakwood Mall parking lot for lewd conduct.

17. Ms. Reese was upset and stated she should not have been arrested.

18. Correctional Officer Michelle Ruffin, Sergeant Johanna Adams, Correctional Officer Hiep Nguyen, Lieutenant Tasha Rios and Correctional Officer Natasha Leflore all assisted patrol deputies Thames and Rabb with escorting Ms. Reese.

19. Ms. Reese leans against the wall at intake booking irate that she has been arrested and she is surrounded by various Jefferson Parish officers.

20. While Ms. Reese is surrounded, Officer Ruffin grabs Ms. Reese by the throat and Ms. Reese is knocked to the ground with the various officers pouncing on Ms. Reese beating her.

21. Ms. Reese was eventually placed into double locked handcuffs on her wrists and

4

ankles with a mask over her face and placed in the intake detox holding cell.

22. Deputy Jonathan Bentel placed Ms. Reese in the detox holding cell and Officer Nguyen went and retrieved a restraint chair.

23. Deputy Bentel and Officer Nguyen along with various other officers placed Ms. Reese in the restraint chair, at one point in the encounter Ms. Reese was placed upside down in the restraint chair hitting her head.  Ms. Reese was eventually placed right side up and strapped to the chair with the mask over her head and left alone in the detox holding cell.

24. Ms. Reese was eventually escorted by Correctional Officer Austin Vigurie to Correct Health within Jefferson Parish Correctional Center to be examined by Nurse Dannette Duplessis.

25. Nurse Dannette Duplessis observed Ms. Reese injuries.

26. Deputy Bentel took photographs of Ms. Reese injuries.

27. Officer Patrick Blanchard then advised Ms. Reese of her Miranda Rights and informed Ms. Reese she would be charged with La R.S. 14.34.2.B(3)A-battery of a police officer with injury, La R.S. 14.34.2.B(1)A-battery of a police officer, and La R.S. 14.108.2-resisting police officer with force of violence.

28. Officer Blanchard, acting in his capacity as an officer with the Jefferson Parish Sheriff Office investigated the incident.

29. Officer Blanchard noted surveillance cameras in Intake Booking captured the incident and the footage was logged into evidence at the evidence locker.

30. Ms. Reese was booked into the Jefferson Parish Correctional Center and remanded to Jefferson Parish Prison.

31. Ms. Reese initially pled not guilty to the charges on March 17, 2021.

32. Under duress, Ms. Reese changed her plea to guilty on April 22, 2021, and was

sentenced to time served.

33. Ms. Reese had been in Jefferson Parish Prison since January 20, 2021.

IV.     **CLAIMS FOR RELIEF**

A. **EXCESSIVE FORCE BY DEFENDANT, MICHELLE RUFFIN (Individually and in her official capacity)** Count I - 42 U.S.C. §1983

34. Plaintiff incorporates by reference paragraph l through 33 as if fully set forth herein. Plaintiff will show that defendant, Michelle Ruffin, actions on the occasion in question were wrongful, malicious and reckless in depriving Ms. Reese of her constitutional rights, as alleged more fully below.

35. Plaintiff will show that all times material hereto Defendant, Michelle Ruffin, had a duty to avoid infliction of unjustified bodily injury to Ms. Reese, to protect her bodily integrity and to not trample on her constitutional rights.

36. Plaintiff will show that Defendant Michelle Ruffin, failed to act as a reasonable officer would have acted in the same or similar circumstances.  That is, Defendant, Michelle Ruffin, without justification and the need to do so, used excessive force as described above and severely injured Ms. Reese without legal justification. Ms. Reese never made any threatening gestures towards defendant Michelle Ruffin and did not pose an immediate threat to the safety of defendant, Michelle Ruffin or others.

37. Defendant, Michelle Ruffin was not provoked when she choked and struck Ms. Reese for no lawful or justifiable reason. The excessive and deadly force used by defendant, Michelle Ruffin and other Jefferson Parish Sheriff officers were not reasonable, justified nor was it necessary under the circumstances.

38. Defendant, Michelle Ruffin actions were not objectively reasonable because they

followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life-threatening situation.

39. Plaintiff will show that Defendant, Michelle Ruffin, denied Ms. Reese her right to be free from the use of excessive force in violation of the Fourth Amendment to the U.S. Constitution.

40. Defendant, Michelle Ruffin, embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and in fact caused Ms. Reese to suffer extreme and mental and emotional distress, agony and anxiety.

41. As a result of these Constitutional violations to Ms. Reese and the injuries she sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled ' Damages '.

**B. <u>FAILURE TO INTERVENE IN USE OF EXCESSIVE FORCE, DEFENDANTS NGUYEN, RIOS, LEFLORE, ADAMS, BENTEL, RABB AND THAMES (Individually and in their official capacities)</u>** Count II - 42 U.S.C. §1983

42. Plaintiff incorporates by reference paragraph 1 through 41 as if fully set forth herein.

43. Officers Nguyen, Rios, Leflore, Adams, Bentel, Rabb and Thames witnessed the use of excessive force by their colleague against Ms. Reese and had ample time to intervene in order to prevent or mitigate injury to her.

44. Any reasonable officer in the position of these Officers would have recognized that the force being used against Ms. Reese was unconstitutionally excessive and would have known that they had a duty to take reasonable measures to prevent harm to Ms. Reese.

45. These Officers failed to take any action to prevent harm to Ms. Reese and thereby proximately caused unconstitutionally excessive force to be inflicted upon Ms. Reese. That

unconstitutional force resulted in grave physical injuries and psychiatric distress to Ms. Reese.

46. In depriving Ms. Reese of her rights under the United States Constitution, the Officers acted under color of law in their respective capacities as Jefferson Parish Sheriff Officers, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable under, and may be redressed by, 42 U.S.C. §1983.

**C. VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, DEFENDANT MICHELLE RUFFIN (Individually and in her official capacity)** Count IV - 42 U.S.C. §1983

47. Plaintiffs incorporates by reference paragraph l through 46 as if fully set forth herein.

48. Michelle Ruffin used unnecessary, unreasonable, and excessive force against Ms. Reese, depriving Ms. Reese of rights, privileges, and immunities secured to her by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

49. At all times, Michelle Ruffin was acting under color of law and was aware that uses of force without justification and/or legal cause are unlawful.

50. Michelle Ruffin and various Jefferson Parish Sheriff officer's conduct shocked the conscience and was so brutal and offensive that it did not comport with traditional ideas of fair play and decency. Michelle Ruffin conduct intended to injure Ms. Reese in a way unjustifiable by any legitimate government interest.

51. Michelle Ruffin, in her individual capacity, is liable to Ms. Reese for violation of her Fourteenth Amendment rights, pursuant to 42 U.S. C. § 1983.

**D. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE OFFICER RUFFIN, DEFENDANT, JOSEPH P. LOPINTO, III (Individually and their official capacity)** Count V - 42 U.S.C. §1983

52. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. Defendants named in this Count, acting individually and together, under color of law, acted to violate Wadnisha Reese's rights to due process of law and to be free from excessive force protected under the Fourth and Fourteenth Amendments.

54. Prior to January 20, 2021, Joseph P. Lopinto, III, knew or should have known of defendant, Michelle Ruffin, escalating encounters with the public.

55. Defendant, Lopinto, in his official and individual capacity, failed to train and/or supervise his subordinates, namely Michelle Ruffin, to ensure that his subordinates did not violate members of the public's rights protected under the Fourth and Fourteenth Amendments. This failure to train and/or supervise was a moving force in the excessive use of force by Michelle Ruffin and various other Jefferson Parish Sheriff Officers in beating Ms. Wadnisha Reese. At all pertinent times herein, Defendant Lopinto, was aware of the need to supervise, train, investigate, and discipline his subordinates in order to ensure that they did not violate the rights of members of the public. This defendant ignored that need and acted unreasonably and with deliberate indifference and disregard for Ms. Wadnisha Reese's constitutional rights as described above.

56. As final policymakers for Jefferson Parish Sheriff Office, Lopinto, in his individual and official capacity, acting individually and together, violated Ms. Wadnisha Reese's constitutionals rights by establishing and maintaining policies, customs, usages, practices, and procedures that he knew would deprive members of the public, including Ms.

Wadnisha Reese, of her constitutional rights protected under the Fourth and Fourteenth Amendments.

57. Further this Defendant failed to establish and maintain policies to ensure constitutional police conduct, and this Defendant knew or should have known that such failure would deprive members of the public, including Ms. Wadnisha Reese, of her constitutional rights under the Fourth and Fourteenth Amendments.

58. These policies, customs, usages, practices, and/or procedures were a moving force in the unlawful beating of Ms. Wadnisha Reese. At all pertinent times herein, Defendant Lopinto was aware that the policies, procedures, practices, customs, and usages they established for Jefferson Parish Sheriff Office would result in violations of constitutional rights. These defendants ignored that risk and acted unreasonably and with deliberate indifference to Ms. Wadnisha Reese's constitutional rights as described above.

59. At all pertinent times, Defendants named in this Count, individually and collectively, were acting under color of state law and in the course and scope of their employment. Defendants named in this Count acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety and constitutional rights of Ms. Wadnisha Reese by failing to prevent the misconduct of Jefferson Parish sheriff officers.

60. As a result of these Constitutional violations to Ms. Reese and the injuries she sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled ' Damages".

### E. *MONELL* VIOLATION OF MS. REESE'S CIVIL RIGHTS BASED ON POLICIES, PATTERNS, OR PRACTICES THAT SUBJECTED MEMBERS OF THE PUBLIC TO EXCESSIVE USES OF FORCE, DEFENDANT, JOSEPH P. LIPINTO, III (In his official capacity) Count VI - 42 U.S.C. §1983

61. Plaintiff incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62. Defendants named in this Count, Joseph P. Lipinto, III, acting individually and together, under color of law, violated Ms. Reese's right to be free from unconstitutional seizure and excessive use of force and the right to due process and equal protection of the laws as protected by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C § 1983.

63. They did so by establishing and maintaining insufficient policies, patterns, customs, trainings, or practices that they knew would fail to prevent excessive uses of force against members of the public. On information and belief, there was a policy, pattern, and/or practice of Jefferson Parish Sheriff officers engaging in unjustified, unreasonable, and excessive uses of force and verbal and physical abuse of members of the public. Further, on information and belief, there was a pattern and/or practice of failing to adequately, promptly, and properly investigate misconduct and discipline officers for infractions of policy and constitutional rights. Finally, on information and belief, there was a pattern and/or practice of failing to establish adequate policies and/or maintaining inadequate policies. All of these patterns and/or practices resulted in known deficiencies in training, supervision, and policy, which resulted in acts of unconstitutional policing.

64. Ms. Reese was individually harmed by these policies, patterns, and/or practices because they resulted in her beating and inhuman treatment by Officer Ruffins and various other Jefferson Parish Sheriff Officers.

65. At all pertinent times, Defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for

11

the safety and constitutional rights of Ms. Reese by establishing the above-described policies, patterns, or practices.

66. The above-named Defendants are therefore liable to Ms. Reese for the violation of constitutional rights described above pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

### F. SUPPLEMENTAL STATE LAW CLAIM FOR ASSAULT AND BATTERY RESULTING IN INJURY TO WADNISHA REESE, DEFENDANTS RUFFIN, LOPINTO AND VARIOUS JEFFERSON PARISH SHERIFF OFFICERS Count VII

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. Michelle Ruffin intended to inflict a harmful or offensive contact upon Ms. Wadnisha Reese in the process of choking and punching Ms. Reese. The seizure and detention of Ms. Reese was unjustified by legal authority. Thus, Michelle Ruffin committed the intentional torts of assault and battery.

69. Michelle Ruffin was acting in the course and scope of her employment at all times relevant to this claim.

70. As a direct and proximate result of the Defendant Michelle Ruffin along with various Jefferson Parish Sheriff Officers' misconduct, Plaintiff suffered damages, including bodily injury, pain, suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and loss of income, as set forth more fully above.

71. Defendant Joseph P. Lopinto, III, is liable for the intentional torts described in paragraph 61 under the doctrine of *respondeat superior* because he maintained the employ and was responsible for the supervision of Defendant Michelle Ruffin. Pursuant to Louisiana Civil Code art. 2320, "employers are answerable for the damage occasioned by their servants and

overseers, in the exercise of the functions in which they are employed."

72. At all times pertinent herein, these Defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Reese.

### G. SUPPLEMENTAL STATE LAW CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS RESULTING IN INJURY TO WADNISHA REESE, DEFENDANTS RUFFIN, LOPINTO AND VARIOUS JEFFERSON PARISH SHERIFF OFFICERS Count VIII

73. Plaintiff incorporates by reference paragraphs 1 through 72 as if fully set forth herein.

74. Michelle Ruffin's actions in beating Ms. Reese was extreme and outrageous conduct that caused Ms. Reese severe emotional distress. Michelle Ruffin knew or should have known that such distress would be the outcome of her actions and therefore is liable for the intentional infliction of emotional distress. In the alternative, Ruffin is liable for negligent infliction of emotional distress.

75. Michelle Ruffin was acting in the course and scope of her employment at all times relevant to this claim.

76. As a direct and proximate result of the Defendant Michelle Ruffin's misconduct, Plaintiff suffered damages, including bodily injury, pain, suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and loss of income, as set forth more fully above.

77. Defendant Joseph P. Lopinto, III, is liable for the intentional torts described in paragraph 71 under the doctrine of *respondeat superior* because he maintained the employ and was responsible for the supervision of Defendant Michelle Ruffin. Pursuant to Louisiana Civil Code art. 2320, "employers are answerable for the damage occasioned by their servants and

overseers, in the exercise of the functions in which they are employed."

78. At all times pertinent herein, these Defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Reese.

### H. **FALSE IMPRISONMENT (State Law)** Count IX

79. Plaintiff incorporates by reference paragraphs 1 through 72 as if fully set forth herein.

80. Ms. Reese was imprisoned in Jefferson Parish Prison through April 22, 2021.

81. As a direct and proximate result of Ms. Reese's imprisonment, Ms. Reese suffered actual physical, emotional, and economic harm.

### I. **MALICIOUS PROSECUTION (State Law)** Count X

82. Plaintiff incorporates by reference paragraphs 1 through 81 as if fully set forth herein.

83. Ms. Reese was charged with the following offenses arising out of the incident of January 20, 2021: battery of a police officer with injury, battery of a police officer and resisting police officer with force of violence.

84. Each of these charges was directly and maliciously caused by the Defendants.

85. Defendants furthered the prosecution of Ms. Reese by submitting false and misleading statements.

86. As a direct and proximate result of this malicious prosecution, Ms. Reese suffered actual physical, emotional, and economic harm.

### J. **PUNITIVE DAMAGES** Count XI

87. Additionally and in the alternative, the conduct of Defendants was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

88. In the alternative, such heedless and reckless disregard of Ms. Reese's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendants in a sum which is within the jurisdictional limits of this court.

### V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wadnisha Reese prays that after due proceedings, there be judgment in her behalf and against all defendants, jointly, severally and in solido, as follows:

a. Compensatory, special and punitive damages on behalf of plaintiff as previously outlined in Paragraph 87;

b. That plaintiff be awarded reasonable attorney fees and all costs of these proceedings;

c. That judicial interest be awarded from the date of judicial demand;

d. That this matter be tried by jury; and

e. All other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Raynique T. Keelen
Raynique T. Keelen, NO. LA31216
FULLER KEELEN LAW FIRM, LLC
201 ST. CHARLES AVENUE
SUITE 2500
NEW ORLEANS, LA  70170
TELEPHONE:  (504) 754-6854
FACSIMILE:  (888)796-9613
E-MAIL:  raynique@fullerkeelenlawfirm.com

Attorney for Plaintiff Wadnisha Reese